FRANK VAN HORN ET AL., APPELLEES, V. ERICSON LAKE COMPANY: SOUTHERN SURETY COMPANY, APPELLANT.

FILED APRIL 16, 1925. NO. 23044.

1. Damages. In cases where the amount of damages incident to the breach of a contract is uncertain, speculative and incapable of being definitely computed, a recovery may be allowed for the amount of the undertaking.
2. Assignments set out in the brief of appellant have been examined, but, on a consideration of the entire record, it is *held* that they are not well taken.

APPEAL from the district court for Wheeler county: EDWIN P. CLEMENTS, JUDGE. *Affirmed.*

*George A. Keyser, James C. Kinsler* and *Ralph G. Coad,* for appellant.

*Prince & Prince* and *A. L. Bishop, contra.*

Heard before MORRISSEY, C. J., ROSE, GOOD and EVANS, JJ., REDICK and SHEPHERD, District Judges.

MORRISSEY, C. J.

This is an action at law brought by plaintiff Frank Van Horn and others against the Ericson Lake Company and the Southern Surety Company in the district court for Wheeler county, to recover damages for the breach of a contract entered into by plaintiffs and the Ericson Lake Company, and to enforce a liability for such breach, upon the bond given by the Southern Surety Company as a guarantor of the performance of the contract by the Ericson Lake Company. A judgment for $3,725.60 against both defendants was entered for plaintiffs by default, which judgment was later set aside as to the Southern Surety Company, but not set aside as to the principal, and trial was had to the court without a jury.

The Ericson Lake Company was a corporation organized for the purpose of developing a pleasure resort on the Cedar river in Wheeler county. The lake company had constructed a dam across the Cedar river forming a lake which was to be a part of the pleasure resort, and was engaged, at the time the contract here in suit was entered into, in the business of disposing of lots near the lake to persons desiring to build cottages for summer occupancy. Plaintiffs, residents of the village of Ericson, being desirous of obtaining electric current for their village and the inhabitants thereof, entered into a contract with the Ericson Lake Company for a supply of current. The contract between plaintiffs and the Ericson Lake Company provided that the lake company should install an electric lighting plant and construct a transmission line to a point within the village of Ericson, and from this plant and line, furnish plaintiffs a current of 2,200 volts in ample amount and power for com-

mercial and power purposes. The life of the .contract was to be 15 years. There was the further obligation on the part of the lake company to give bond in the sum of $3,300 "as a guarantee of this contract," which bond is the foundation for this action against the Southern Surety Company. Under the terms of the contract, plaintiffs agreed to construct and maintain electric lines within the village; to use no other current than that furnished by the Ericson Lake Company for the life of the contract, and to pay, on the first of every month, for current used during the preceding month. There was a further provision that plaintiffs should pay to defendants the sum of $3,300 and take from them deeds to 22 of the lots owned by the lake company. The bond in suit was duly executed by the lake company with the Southern Surety Company as surety.

The Ericson Lake Company built its power plant and proceeded to supply electric current in compliance with its contract. There were negotiations between plaintiffs and the village of Ericson looking to the acquisition by the village of the contract rights of plaintiffs, and, indeed, for a time, the village officers assumed the burden of collecting from the users of current for the current used, and performed other of the plaintiffs' duties under the contract, but the record is clear that no formal assignment of the contract was ever made.

After the plant had been in operation for a time, the dam of the Ericson Lake Company was washed out by high water. The dam was never replaced and the Ericson Lake Company breached its contract, and its property was later sold under a mortgage foreclosure. Under these facts the court found for plaintiffs and against the defendant Southern Surety Company for the full amount of the bond, and for attorney's fees.

Appellant first makes the contention that the court erred in allowing recovery for the full amount of the bond, and urges that the recovery, if any be allowed, should be for only the amount of plaintiffs' actual damage. This makes it necessary that a construction be put upon the bond to

determine whether it is an undertaking for liquidated damages, in case of breach of the contract, or a penal bond binding the surety to pay the actual damages, not exceeding the amount fixed. The contract under which the bond was given and which is incorporated into the bond contains the following provision:

"Party of the first part does hereby agree to give bond to the amount of $3,300 (thirty-three hundred dollars) as a guarantee of the fulfilment of this contract, unless said contract shall be terminated by mutual agreement by parties of the first and second part at an earlier date."

In the bond the liability assumed is referred to as "the penalty of this bond." When this language is considered in connection with the nature of the undertaking which the bond was designed to guarantee, and the uncertainty, if not the impossibility of accurately computing the amount of damage which a breach of the contract would occasion, it may reasonably be said that the bond provided for liquidated damages, rather than for a penalty. And we may assume that the parties to this contract realized the uncertainty of the damages and intended that the amount written in this bond should be the sum recoverable in case of a breach of the contract.

In cases where the amount of damages incident to the breach of contract is uncertain, speculative and incapable of being definitely computed, a recovery may be allowed for the amount of the undertaking. 8 R. C. L. 569, sec. 118, 17 C. J. 941, sec. 237. See, also, Am. Ann. Cas. 1912C, 1026.

It follows that the trial court did not err in allowing plaintiff to recover for the full amount of the bond.

It is also urged by appellant that the contract between plaintiffs and the Ericson Lake Company is void for lack of mutuality; and that plaintiffs are not the real parties in interest. The right of a surety to raise these questions after a final judgment against its principal may be questioned. However, the court resolved these issues in favor

of plaintiffs, and the record fully sustains its findings. Other assignments of errors are made in appellant's brief; but, having resolved the main questions presented in favor of appellee, a discussion of these assignments is unnecessary. The record is free from error and the judgment is

AFFIRMED.